IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TORUS VENTURES LLC, | § | |
|    *Plaintiff/Counter-Defendant*, | § | Case No. 2:24-cv-00570 |
| | § | |
| v. | § | Patent Case |
| | § | |
| DALLAS CAPITAL BANK, N.A., | § | Jury Trial Demanded |
|    *Defendant/Counter-Claimant*. | § | |

### DALLAS CAPITAL BANK, N.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

1. Dallas Capital Bank, N.A. (the "***Bank***") files its Answer and Affirmative Defenses to Plaintiff Torus Ventures LLC's Complaint for Patent Infringement as follows. The Bank denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

2. The Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. The Bank denies that it a Texas corporation, but admits that it has its principal place of business at 14185 Dallas Parkway, Suite 200, Dallas, Texas 75254.

---

[1] For avoidance of doubt, the Bank denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

**DALLAS CAPITAL BANK, N.A.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM – PAGE 1**

## JURISDICTION

4. The Bank admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

5. The Bank admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Bank does not contest whether personal jurisdiction over it properly lies in this District for purposes of this case. The Bank denies that it has an established place of business in this District and further denies that it committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. The Bank does not contest whether venue is proper in this District in this case. The Bank denies that it has an established place of business in this District and further denies that it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. The Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

## THE '844 PATENT

9. The Bank admits that the purported copy of U.S. Patent No. 7,203,844 (the "'844 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on June 19, 2003, issued on April 10, 2007, and is entitled "Method and system for a recursive security protocol for digital copyright control." The Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, on that basis, denies all such allegations.

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '844 PATENT

10. The Bank incorporates by reference each of its responses set forth in Paragraphs 1-9 above as if fully set forth herein.

11. The Bank denies the allegations in Paragraph 11 of the Complaint.

12. The Bank denies the allegations in Paragraph 12 of the Complaint.

13. The Bank denies the allegations in Paragraph 13 of the Complaint.

14. The Bank denies the allegations in Paragraph 14 of the Complaint.

15. The Bank denies the allegations in Paragraph 15 of the Complaint.

16. The Bank denies the allegations in Paragraph 16 of the Complaint.

17. The Bank denies the allegations in Paragraph 17 of the Complaint.

18. The Bank denies the allegations in Paragraph 18 of the Complaint.

### [PLAINTIFF'S] JURY DEMAND

19. The Bank is not required to provide a response to Plaintiff's request for trial by jury.

### [PLAINTIFF'S] PRAYER FOR RELIEF

The Bank denies the Plaintiff is entitled to any relief from the Bank and denies all the allegations contained in Paragraphs A-E of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

The Bank's Affirmative Defenses are listed below. The Bank reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

The Bank has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '844 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '844 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '844 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that the Bank actions allegedly infringe the claims of the '844 Patent, the Bank is not liable to Plaintiff for the acts alleged to have been performed before the Bank received actual notice that it was allegedly infringing the claims of the '844 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that the Bank indirectly infringes, either by contributory infringement or inducement of infringement, the Bank is not liable to Plaintiff for the acts alleged to have been performed before the Bank knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '844 Patent against the Bank is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '844 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by the Bank.

## DALLAS CAPITAL BANK'S COUNTERCLAIM

For its counterclaims against Torus Ventures LLC, the Bank alleges as follows:

### PARTIES

1. The Bank is a national banking association with its principal place of business in Dallas County, Texas.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Torus Ventures, LLC is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

### JURISDICTION

3. The Bank incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Torus Ventures has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Torus Ventures' filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

## CAUSES OF ACTION

### Count One – Declaration of Non-Infringement

7. The Bank incorporates by reference Paragraphs 1–6 above.

8. Based on Torus Ventures' filing of this action and at least the Bank's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether the Bank infringes the '844 Patent.

9. The Bank does not infringe the claims of the '844 Patent because, among other things, the accused system does not "encrypt[] both the encrypted bit stream and the first decryption algorithm with a second encryption algorithm to yield a second bit stream."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Bank requests a declaration by the Court that the Bank has not infringed and does not infringe any claim of the '844 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### Count Two – Declaration of Invalidity

11. The Bank incorporates by reference Paragraphs 1–10 above.

12. Based on Torus Ventures' filing of this action and at least the Bank's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '844 Patent.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Bank requests a declaration by the Court that the claims of the '844 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

14.     The Bank hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Bank asks this Court to enter judgment in the Bank's favor and against Torus Ventures by granting the following relief:

- a.  a declaration that the claims of the '844 Patent are invalid;
- b.  a declaration that the Bank does not infringe, under any theory, any valid claim of the '844 Patent that may be enforceable;
- c.  a declaration that Torus Ventures take nothing by its Complaint;
- d.  judgment against Torus Ventures and in favor of the Bank;
- e.  dismissal of the Complaint with prejudice;
- f.  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to the Bank of its costs and attorneys' fees incurred in this action; and
- g.  further relief as the Court may deem just and proper.

Dated: August 20, 2024.

Respectfully submitted,

/s/ *Brian Vanderwoude*
J. Brian Vanderwoude
Texas Bar No. 24047558
**DORSEY & WHITNEY, LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

**ATTORNEYS FOR DEFENDANT/ COUNTER-CLAIMANT DALLAS CAPITAL BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Brian Vanderwoude*
J. Brian Vanderwoude